

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/11/13

Exhibit 1(a)(i)

## CONSENT JUDGMENT

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br>OXYCONTIN ANTITRUST LITIGATION<br><br><br>PURDUE PHARMA L.P.,<br>THE P.F. LABORATORIES, INC.,<br>PURDUE PHARMACEUTICALS L.P., and<br>RHODES TECHNOLOGIES,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>v.<br><br>RANBAXY INC., RANBAXY<br>PHARMACEUTICALS INC., RANBAXY<br>LABORATORIES LTD., ACTAVIS ELIZABETH<br>LLC, MYLAN PHARMACEUTICALS INC. and<br>MYLAN INC.,<br><br>    Defendants and Counterclaim Plaintiffs. | 04-md-1603 (SHS)<br><br>This document relates to:<br><br>C.A. No. 10-civ-03734 (SHS) |

### CONSENT JUDGMENT
### BETWEEN
### PURDUE PHARMA L.P., THE P.F. LABORATORIES, INC.,
### PURDUE PHARMACEUTICALS L.P., AND RHODES TECHNOLOGIES
### AND ACTAVIS ELIZABETH LLC

On consent of Purdue Pharma L.P., The P.F. Laboratories, Inc., Purdue

Pharmaceuticals L.P. and Rhodes Technologies and Actavis Elizabeth LLC, and as settlement of

this action between and among those parties, PURDUE PHARMA L.P., a limited partnership

organized and existing under the laws of the State of Delaware, having a place of business at One

Civil Action No. 10 Civ. 03734 (SHS)

Stamford Forum, 201 Tresser Boulevard, Stamford, Connecticut 06901, THE P.F. LABORATORIES, INC., a corporation organized and existing under the laws of the State of New Jersey, having a place of business at 700 Union Boulevard, Totowa, New Jersey 07512, PURDUE PHARMACEUTICALS L.P., a limited partnership organized and existing under the laws of the State of Delaware, having a place of business at 4701 Purdue Drive, Wilson, North Carolina 27893, and RHODES TECHNOLOGIES, a general partnership organized and existing under the laws of the State of Delaware, having a place of business at 498 Washington Street, Coventry, Rhode Island 02816 (individually and collectively, "Purdue"), and ACTAVIS ELIZABETH LLC, a limited liability company organized and existing under the laws of the State of Delaware, having a principal place of business at 200 Elmora Avenue, Elizabeth, New Jersey 07207 ("Actavis") (Purdue and Actavis being sometimes referred to herein individually as a "Party" and collectively as the "Parties"), it is Ordered, Adjudged and Decreed as follows:

1. Terms used in this Consent Judgment and not otherwise defined shall have the meanings ascribed thereto in the Settlement Agreement, dated as of April 25, 2013, by and among Purdue and Actavis (the "Settlement Agreement").

2. The Low ABUK Patents are valid and enforceable with respect to the Actavis ANDAs and any products described therein and will be valid and enforceable with respect to any other ANDAs and Section 505(b) applications filed by or on behalf of Actavis after the Signing Date which reference the Purdue NDAs (any such ANDAs and applications are herein referred to as, the "New ANDAs") and any products described therein. The products described in the Actavis ANDAs infringe the Low ABUK Patents. The filing of any New ANDAs will infringe the Low ABUK Patents to the extent that any of the products described in such New ANDA contain oxycodone or salts thereof, including oxycodone hydrochloride, with

25 ppm 14-hydroxycodeinone or less. Nothing contained in this paragraph 2 shall be deemed to confer any rights on any party other than the Parties and their Affiliates.

3.    Unless otherwise expressly permitted pursuant to the terms of the Settlement Documents, Actavis agrees that it will not market, sell, distribute, participate in the profits of or indemnify others for infringement with respect to any product described in any ANDA or Section 505(b) application that references the Purdue NDAs until the Terminal Date.

4.    Except as provided for or may be agreed to in writing by the Parties in the Settlement Documents, from and after April 25, 2013, Actavis, including any of its successors and assigns, and any of its or their respective officers, agents, servants, employees and attorneys and those persons in active concert or participation with Actavis, are enjoined from infringing, the Low ABUK Patents, with respect to the Actavis Products or any other product described in any New ANDA; provided, however, that the provisions of this paragraph shall not apply following the Terminal Date or as otherwise provided in the Settlement Agreement.

5.    Actavis' Counterclaims are dismissed with prejudice.  Further, Actavis waives any possible antitrust or other claims against Purdue based on conduct or events that have occurred prior to the date of entry of this Consent Judgment relating to the Low ABUK Patents, as well as any claims or counterclaims that could have been pleaded in Civil Action No. 10-civ-03734 (SHS) (the "Action").

6.    Notwithstanding anything in this Consent Judgment to the contrary, but consistent with the proviso of this paragraph 6 and paragraph 21 of the Settlement Agreement, nothing set forth in this Consent Judgment shall be deemed to prevent Actavis from (i) making, having made, using, importing, selling or offering for sale any product which does not infringe the Low ABUK Patents and (ii) performing any act protected by 35 U.S.C. § 271(e)(1), provided, however, that nothing set forth in this Consent Judgment is intended to license or

authorize Actavis to engage in any of the activities described above in this paragraph 6 or otherwise to make, have made, use, import, sell or offer for sale any product, in any case, unless specifically permitted and authorized by Section 1 of the Patent License Agreement or Section 2.1 of the Distribution and Supply Agreement, as applicable, and Purdue reserves all of its rights to assert a claim of patent infringement for any of such activities and seek all remedies available to it at law or in equity with respect to such claim.

7.      Except for the rights, agreements and covenants specifically granted pursuant to the Settlement Documents, no other right, written or oral license or sublicense, covenant not to sue, waiver or release or other written or oral authorization is or has been granted or implied by this Consent Judgment. No activity by Actavis with respect to the making, having made, using, offering to sell, selling, shipping, distributing or importing of any (a) Actavis Product or (b) any other pharmaceutical product or ingredient, shall constitute an authorized sale unless it is expressly permitted and authorized under Section 1 of the Patent License Agreement or Section 2.1 of the Distribution and Supply Agreement, as applicable; and no determination that any patent rights of the Purdue Companies in the Low ABUK Patents or any other intellectual property have been terminated or exhausted may be based on any activity by Actavis whatsoever unless and solely to the extent that such activity relates to a sale of Actavis Products expressly permitted and authorized under Section 1 of the Patent License Agreement or Section 2.1 of the Distribution and Supply Agreement, as applicable.

8.      Except as the Parties have heretofore expressly provided for in writing, by virtue of this Consent Judgment, all claims and demands for relief prayed for by Purdue and Actavis in the Action are deemed to be satisfied.

9.      In addition to remedies for contempt of this Consent Judgment which Purdue or Actavis, as the case may be, has, in the event of breach or violation by the other party

of the terms of this Consent Judgment, the non-breaching party is entitled to specific performance, or appropriate injunctive relief against the breaching party with respect to the breaching conduct solely upon a showing of a likelihood of success of establishing that such a breach occurred. The Parties agree that jurisdiction and venue for such an action exists in this District Court, and waive any and all defenses based on personal jurisdiction, subject matter jurisdiction and venue.

10.     This Consent Judgment is entered pursuant to Rule 58 of the Federal Rules of Civil Procedure, and the Action is hereby dismissed without costs or attorney's fees, save that this District Court shall retain jurisdiction over the Action, including without limitation, over implementation of, or disputes arising out of, this Consent Judgment or the settlement of the Action. A prevailing party shall be entitled to recover attorneys' fees in any such proceeding occurring after the entering of this Consent Judgment in which the case is found to be an exceptional one.

[remainder of this page intentionally left blank]

Civil Action No. 10 Civ. 03734 (SHS)

Civil Action No. 10 Civ. 03734 (SHS)

Consent Judgment Signature Page

By: _____   By:_____

Pablo D. Hendler
Sona De
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
212 596-9000

Robert J. Goldman
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303
650-617-4000

*Attorneys for Plaintiffs*
 *Purdue Pharma L.P.,*
 *The P.F. Laboratories, Inc.*
 *Purdue Pharmaceuticals L.P., and*
 *Rhodes Technologies*

Terrence Connolly
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
212-906-1853

Kenneth Schuler
LATHAM & WATKINS LLP
233 South Wacker Drive, Suite 5800
Chicago, IL 60606
312-876-7700

*Attorneys for Defendant Actavis Elizabeth*
*LLC*

SO ORDERED:

Dated: _____, 2013

_____
United States District Judge

Civil Action No. 10 Civ. 03734 (SHS)

Civil Action No. 10 Civ. 03734 (SHS)

Consent Judgment Signature Page

By: _____

Pablo D. Hendler
Sona De
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
212 596-9000

Robert J. Goldman
ROPES & GRAY LLP
1900 University Avenue, 6th Floor
East Palo Alto, CA 94303
650-617-4000

*Attorneys for Plaintiffs*
*Purdue Pharma L.P.,*
*The P.F. Laboratories, Inc.*
*Purdue Pharmaceuticals L.P., and*
*Rhodes Technologies*

By: _____

Terrence Connolly
LATHAM & WATKINS LLP
885 Third Avenue
New York, NY 10022
212-906-1853

Kenneth Schuler
LATHAM & WATKINS LLP
233 South Wacker Drive, Suite 5800
Chicago, IL 60606
312-876-7700

*Attorneys for Defendant Actavis Elizabeth*
*LLC*

Dated: _____, 2013

SO ORDERED:

_____
United States District Judge

61227534_2.DOCX

6